UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
CHI IOTA COLONY OF ALPHA EPSILON PI                         :
FRATERNITY, ALEX KHAYCHUCK,                                 :
KONSTANTIN NOVODORSKY, VITALY                               :
USHRENKO, GENNADY AKSELRUD,                                 :
ALEKSANDER BARANOV, DAVID BOROWIK,                          :   **MEMORANDUM & ORDER**
ROMAN BURTMAN, DANIEL KANE, MIKE                            :
LANTINO, JOSH MALEK, DANNY                                  :   05-CV-2919 (DLI)(MDG)
MARKOWITZ, EVEN MCKIERNAN, RYAN                             :
RICHMOND, BILLY RUPPERT, BRIAN                              :
THOMSON, JONATHAN TORRES,                                   :
STEVE VERBITSKY, and MOSHE ZEITOUNI,                        :
                                                            :
                    Plaintiffs,                             :
                                                            :
            -against-                                       :
                                                            :
CITY UNIVERSITY OF NEW YORK,                                :
MARLENE SPRINGER, CAROL L. JACKSON,                         :
and CAROL BROWER,                                           :
                                                            :
                    Defendants.                             :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Addressed as follows is defendants' motion to dismiss plaintiffs' state law claims (claims five through seven of the First Amended Complaint), pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that the court lacks subject matter jurisdiction because the claims are barred by the Eleventh Amendment. The court grants this motion.

Plaintiffs seek injunctive and declaratory relief under Article I of the New York State Constitution (fifth claim) and monetary relief under the New York State Public Accommodation Act (sixth claim) and the New York State Anti-Discrimination Law (seventh claim). Defendant City

1

University of New York ("CUNY") is a public university established under the New York Education Law. Defendant Marlene Springer is the President of the College of Staten Island ("CSI"), a senior college of CUNY. Carol L. Jackson is the Vice President for Student Affairs at CSI, and Carol Brower is the Director of the Office of Student Life at CSI.

The Eleventh Amendment "deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art III's grant of jurisdiction." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–20, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*. at 100. The Eleventh Amendment also bars "a claim that state officials violated state law in carrying out their official responsibilities." *Id*. at 121. A state may waive immunity from suit in federal court, but waiver only applies "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 53 L. Ed. 742 (1909)).

Here, there is no showing of a waiver of Eleventh Amendment immunity in the New York State Constitution, Public Accommodation Act, or Anti-Discrimination Act. Plaintiffs concede that defendants' motion "requires dismissal of the state law claims to the extent they seek monetary relief."[1] But plaintiffs argue that the claims should not be dismissed insofar as they seek prospective injunctive relief. In support of this argument, an attempt to make a distinction as to the type of relief sought, plaintiffs rely on *Kapps v. Wing*, where the Second Circuit stated in a footnote that "where

---

[1] Pls.' Opp'n Mem. at *.

compliance with state law is required as a matter of *federal* law, *Pennhurst* poses no bar to injunctive relief." 404 F.3d 105, 120 n.21 (2d Cir. 2005). Plaintiffs' argument fails for two reasons. First, "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101. Second, unlike here, *Kapps* did not involve violations of state law; in *Kapps*, the court limited review to allegations that the administration of a New York City program violated the Low Income Home Energy Assistance Act and the Due Process Clause of the Fourteenth Amendment. As claims five through seven "seek[] solely to secure compliance with state law by a state official," in contrast to claims that "seek[] to secure compliance with federal law by a state official," they are barred by the Eleventh Amendment. *See Mont v. Heintz*, 949 F.2d 704, 707 (2d Cir. 1988) (claim that Commissioner of Connecticut Department of Income Maintenance violated federal social security law by using incorrect standard for calculating program eligibility not barred by Eleventh Amendment) (cited in *Kapps*, 404 F.3d at 120 n.21).

Therefore, defendants' motion to dismiss plaintiffs' state law claims is granted.

SO ORDERED.

DATED: Brooklyn, New York
December 22, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge